UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steven McKelvey,<br><br>                    Petitioner,<br><br>    v.<br><br>United States of America,<br><br>                    Respondent. | C/A No. 6:03-1764-GRA<br><br><br><br>**ORDER**<br>(Written Opinion) |

Petitioner moves this Court to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). For the reasons stated below, the Court DENIES the request for a certificate of appealability.

On April 25, 2000 Petitioner was originally indicted. A superceding indictment was filed on August 22, 2000 charging him with possession of crack cocaine with intent to distribute and conspiracy to commit the same. A jury trial was held on December 20 and 21, 2000. The undersigned was originally assigned the case and presided over jury selection. However, illness required another judge, the Honorable William Traxler, to preside over the trial itself. On December 21, 2000, the jury found

1

the Petitioner guilty on both counts of the superceding indictment. On July 25, 2001, the Petitioner was sentenced before Judge Traxler and the undersigned. Petitioner received a term of life imprisonment. On August 6, 2001, Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. His only two claims on appeal were that the government had offered insufficient evidence of his involvement in the conspiracy and failed to prove he possessed 5 grams or more of cocaine base. On May 24, 2002, the Fourth Circuit affirmed his conviction and sentence.

The Petitioner filed a § 2255 petition on May 23, 2003. The government answered the complaint and moved for summary judgment on July 17, 2003. The Petitioner filed a responsive pleading in opposition to the summary judgment motion. This Court granted the government's motion for summary judgment and dismissed the petition on October 22, 2003. Petitioner on May 5, 2005 moved before this Court to reconsider the dismissal of Petitioner's § 2255 petition pursuant to Fed. R. Civ. P. 60(b)(6). This Court denied the motion on June 9, 2005. Petitioner has now requested a certificate of appealability from this Court by application filed July 22, 2005.

A habeas corpus petitioner proceeding under 28 U.S.C. § 2255 may not appeal an order denying the petition without first obtaining a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court can issue a COA only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing" required for a COA is a lesser showing than

would be required for Petitioner to prevail on the merits of his/her petition. *See Barefoot v. Estelle*, 463 U.S. 880, 895 (1983).

In *Slack v. McDaniel*, 120 S.Ct. 1595 (2000), the United States Supreme Court articulated the standard for determining whether or not to issue a COA under the "substantial showing" language in section 2253(c). The Court stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

120 S. Ct. at 1604.

Petitioner raises several issues in his request. The request lists the issues he believes are appropriate for review on appeal. However, the issues are nearly identical to those issues addressed in his initial motion to reconsider his § 2255 petition. This Court finds that Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner fails to assert issues that, under *Slack*, are debatable among jurists. Furthermore, this Court finds Petitioner raises no issues that require appellate review.

IT IS THEREFORE ORDERED that Petitioner's request for a certificate of appealability be DENIED.

IT IS SO ORDERED.

                                                 */s/ G. Ross Anderson, Jr.*
                                                 G. ROSS ANDERSON, JR.
                                                 UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 23, 2005.

## NOTICE OF RIGHT TO APPEAL

      Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.